# EXHIBIT A



Summary | Parties | Events | **Dockets** | Charges | Alerts | Bond | Summons | Ticklers | Disposition | Costs

**Docket List**

**01 2022 CA 000155** - CIRCUIT CIVIL - DIV L (JUDGE WALKER - DIV L)
NW ABUFO "OBI" UMUNNA AS PERSINAL REPRESENTATIVE -VS- MOORE, SHAWBEL ANTONIO et al

**20 records found**

| File Date | Docket Text | Amount | Amount Due | Images | # of Pages |
|---|---|---|---|---|---|
| 02/28/2022 | SHAWBEL ANTONIO MOORE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT | | | 🔍 | 6 |
| 02/28/2022 | DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS | | | 🔍 | 3 |
| 02/18/2022 | NOTICE OF APPEARANCE | | | 🔍 | 2 |
| | SAMI R ACHEM ESQ (Attorney) on behalf of MULAX EXPRESS LLC (DEFENDANT) | | | | |
| 02/18/2022 | DEFENDANT'S NOTICE OF SERVING FIRST SET OF WRONGFUL DEATH INTERROGATORIES TO PLAINTIFF | | | 🔍 | 2 |
| 02/18/2022 | MULAX EXPRESS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT | | | 🔍 | 7 |
| 02/18/2022 | DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF | | | 🔍 | 6 |
| 02/18/2022 | DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS | | | 🔍 | 3 |
| 02/08/2022 | NOTICE OF TAKING DEPOSITION DUCES TECUM OF THE CORPORATE REPRESENTATIVE OF MULAX EXPRESS LLC | | | 🔍 | 4 |
| 02/08/2022 | NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF SHAWBEL ANTONIO MOORE | | | 🔍 | 3 |
| 01/19/2022 | PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, MULAX EXPRESS, LLC | | | 🔍 | 15 |
| 01/19/2022 | PLAINTIFF'S NOTICE OF SERVICVE OF INTERROGATORIESE TO DEFENDANT, MULAX EXPRESS, LLC | | | 🔍 | 13 |
| 01/19/2022 | PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, MULAX EXPRESS LLC | | | 🔍 | 2 |
| 01/19/2022 | PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, SHAWBEL ANTONIO MOORE | | | 🔍 | 6 |
| 01/19/2022 | PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, SHAWBEL ANTONIO MOORE | | | 🔍 | 5 |
| 01/19/2022 | PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, SHAWBEL ANTONIO MOORE | | | 🔍 | 2 |
| 01/18/2022 | SUMMONS ISSUED - WITH FEE | $10.00 | $0.00 | 🔍 | 2 |
| | MULAX EXPRESS LLC (DEFENDANT); Receipt: 480055 Date: 01/18/2022 | | | | |
| 01/18/2022 | SUMMONS ISSUED - WITH FEE | $10.00 | $0.00 | 🔍 | 3 |
| | SHAWBEL ANTONIO MOORE (DEFENDANT); Receipt: 480055 Date: 01/18/2022 | | | | |
| 01/18/2022 | STANDING CASE MANAGEMENT ORDER PER A.O. 3.09 | | | 🔍 | 2 |
| 01/18/2022 | CIVIL COVER SHEET - JURY TRIAL REQUESTED | | | 🔍 | 3 |
| 01/18/2022 | COMPLAINT Receipt: 480055 Date: 01/18/2022 | $400.00 | $0.00 | 🔍 | 6 |

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO:    2022 CA 155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

     Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

     Defendants.

_____ /

## COMPLAINT

COMES NOW the Plaintiff, **NWABUFO "OBI" UMUNNA, As Personal Representative for the Estate of KENNETH MICHAEL GILLIAM**, by and through the undersigned counsel, and sues Defendants, **SHAWBEL ANTONIO MOORE and MULAX EXPRESS LLC**, and alleges:

1.    This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2.    At all times material to this action, Decedent, **KENNETH MICHAEL GILLIAM**, was a natural person residing in Glenville, Tattnall County, Georgia.

3.    Decedent, **KENNETH MICHAEL GILLIAM**, died July 17, 2021.

4.    Plaintiff, **NWABUFO "OBI" UMUNNA**, is the duly appointed, qualified and acting Personal Representative of the **ESTATE OF KENNETH MICHAEL GILLIAM**, (see Exhibit "A") and as such, is the duly qualified individual to bring this action.

5.     That the statutory survivors of **KENNETH MICHAEL GILLIAM**, deceased, are as follows:

a. **CRYSTAL GILLIAM**, daughter of **KENNETH MICHAEL GILLIAM**, and

b. The Estate of **KENNETH MICHAEL GILLIAM**.

6.     At all times material to this action, Defendant, **MULAX EXPRESS LLC**, was a Florida Limited Liability Company authorized to do business and doing business in the state of Florida.  At that time and place, Defendant, **MULAX EXPRESS LLC**, was and is a Florida Limited Liability Company with its primary offices located at 2676 SW Brigantine Place, Port St. Lucie, FL 34953.

7.     At all times material to this action, Defendant, **SHAWBEL ANTONIO MOORE**, was a natural person residing in Ocala, Marion County, Florida.

8.     On or about November 14, 2020, **KENNETH MICHAEL GILLIAM** was a pedestrian standing in the right southbound lane of Waldo Road in Gainesville, Alachua County, Florida.

9.     At that time and place, Defendant, **SHAWBEL ANTONIO MOORE**, was operating a tractor trailer, owned by Defendant, **MULAX EXPRESS LLC**, travelling south in the right lane of Waldo Road in Gainesville, Alachua County, Florida.

10.     At that time and place, Defendant, **SHAWBEL ANTONIO MOORE**, so negligently and carelessly operated and/or maintained the tractor trailer so that it collided with Decedent, thereby causing him to sustain serious injuries and death.

<u>**COUNT I**</u>
<u>**CLAIM AGAINST SHAWBEL ANTONIO MOORE**</u>

11.     Plaintiff, **NWABUFO "OBI" UMUNNA, As Personal Representative for the Estate of KENNETH MICHAEL GILLIAM**, re-alleges and incorporates by referenced paragraphs 1 through 10 above, and further alleges:

12.     As a direct and proximate result of the negligence of Defendant, **SHAWBEL ANTONIO MOORE**, Decedent suffered bodily injury and resulting pain and suffering that caused his untimely death.

13.     As a direct and proximate result of the negligence of Defendant, **SHAWBEL ANTONIO MOORE**,  in causing the death of the Decedent, the surviving daughter of the Decedent, **CRYSTAL GILLIAM**, has suffered mental pain and suffering in the past and will continue to suffer such losses in the future.

14.     As a direct and proximate result of the negligence of Defendant, **SHAWBEL ANTONIO MOORE**, and the resulting death of **KENNETH MICHAEL GILLIAM, NWABUFO "OBI" UMUNNA**, **as Personal Representative of the Estate of KENNETH MICHAEL GILLIAM**, makes a claim for medical and funeral expenses due to the deceased's injuries and subsequent death, and for loss of earnings of the deceased from the date of his injury to the date of his death and loss of net accumulations to his Estate.

**WHEREFORE**, **NWABUFO "OBI" UMUNNA, As Personal Representative of the Estate of KENNETH MICHAEL GILLIAM, Deceased**, demands judgment for damages against Defendant, **SHAWBEL ANTONIO MOORE**, and for other such relief deemed proper by the Court.

## COUNT II
## CLAIM AGAINST MULAX EXPRESS LLC

15.     Plaintiff, **NWABUFO "OBI" UMUNNA, As Personal Representative for the Estate of KENNETH MICHAEL GILLIAM**, re-allege and incorporates by reference paragraphs 1 through 14 above, and further alleges:

16.     At all times relevant hereto, Defendant, **MULAX EXPRESS LLC**, was and remains a Limited Liability Company organized and existing under the State of Florida with its principal place of business in St. Lucie County, Florida thereby making it a citizen of Florida.

17.     At that time and place, Defendant, **SHAWBEL ANTONIO MOORE**, was operating the motor vehicle during the course and scope of his employment with Defendant, **MULAX EXPRESS LLC.**

18.     At that time and place, Defendant, **SHAWBEL ANTONIO MOORE**, was operating the motor vehicle with the permission and consent of its owner, Defendant, **MULAX EXPRESS LLC.**

19.     Defendant, **MULAX EXPRESS LLC,** is vicariously liable for the negligence of Defendant, **SHAWBEL ANTONIO MOORE**, as an employee in the course and scope of his employment at the time of the accident.

20.     Defendant, **MULAX EXPRESS LLC,** is vicariously liable for the negligence of Defendant, **SHAWBEL ANTONIO MOORE,** pursuant to the Florida Dangerous Instrumentality Doctrine.

21.     As a direct and proximate result of the aforesaid negligence of Defendant, **MULAX EXPRESS LLC,** and the resulting death of **KENNETH MICHAEL GILLIAM**, **NWABUFO "OBI" UMUNNA, as Personal Representative of the Estate of KENNETH MICHAEL GILLIAM**, makes a claim for medical and funeral expenses due to the deceased's injuries and

subsequent death, and for loss of earnings of the deceased from the date of his injury to the date of his death and loss of net accumulations to his Estate.

WHEREFORE, **NWABUFO "OBI" UMUNNA, As Personal Representative of the Estate of KENNETH MICHAEL GILLIAM**, demand judgment for damages against Defendants, **SHAWBEL ANTONIO MOORE and MULAX EXPRESS LLC** and other such relief deemed proper by the Court.  Plaintiffs also demand a jury trial on all issues so triable.

RESPECTFULLY submitted this 17th day of January, 2022.

**MORGAN & MORGAN**

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT FOR
HERNANDO COUNTY, FLORIDA

PROBATE DIVISION

IN RE: ESTATE OF          File No. 21-CP-1476
KENNETH MICHAEL GILLIAM

           Deceased.

ORDER APPOINTING PERSONAL REPRESENTATIVE
(single personal representative)

On the petition of Nwabufo "Obi" Umunna, Esquire for administration of the estate of KENNETH

MICHAEL GILLIAM, deceased, the court finding that the decedent died on January 17, 2021, and that

Nwabufo "Obi" Umunna, Esquire is entitled to appointment as personal representative by reason of being

nominated and consented to by the sole heir, and is qualified to be personal representative, it is

           ADJUDGED that Nwabufo "Obi" Umunna, Esquire is appointed personal representative of the

estate of the decedent, and that upon taking the prescribed oath, filing designation and acceptance of

resident agent, and filing bond in the sum of $0.00, letters of administration shall be issued.

           ORDERED on November 9, 2021.

_____
Circuit Judge


EXHIBIT
A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>   COUNTY, FLORIDA

<u>NWABUFO 'OBI' UMUNNA</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>MULAX EXPRESS LLC, SHAWBEL ANTONIO MOORE</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>2</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jeffrey J Humphries</u>         Fla. Bar # <u>708631</u>
        Attorney or party                (Bar # if attorney)

<u>Jeffrey J Humphries</u>                 <u>01/17/2022</u>
  (type or print name)                Date

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[AOSC20-23]

**THIS ACTION** is before the court for case management pursuant to AOSC20-23 (Amendment 10). Therefore, it is **ADJUDGED** that:

1.  This case is provisionally designated as a general civil case.

2.  **TRIAL DATE**:  The projected date for a non-jury trial shall be the first regular trial term taking place one year after the date of filing. The projected date for a jury trial shall be the first regular trial term taking place eighteen months after the date of filing. A firm trial date will be established by the presiding judge when the case is at issue. Trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/.  In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3.  **SERVICE**: Unless otherwise extended by court order for good cause shown, service of complaints should be completed within 120 days of filing. Requests for the addition of new parties shall be filed within 180 days of filing.

4.  **DISCOVERY:** Fact and expert discovery shall be completed 60 days prior to the trial date set forth above.

5.  **PRETRIAL MOTIONS**: Objections to pleadings and pretrial motions shall be resolved a minimum of 30 days prior to the trial date set forth above. Prior to filing ANY motion, counsel

filing the motion shall confer with opposing counsel by telephone or in person in a good faith attempt to resolve the motion. The motion shall contain a good faith statement reflecting the date and time of the conference with opposing counsel. A statement that counsel attempted to confer with opposing counsel is insufficient unless the good faith statement details the date and time of at least three attempts to confer that occurred within the one-month period immediately prior to the filing of the motion.

6. **MEDIATION**: The parties shall conclude mediation at least 90 days prior to the trial date set forth above.

7. Deadlines established herein shall be strictly enforced. "Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case." This order may be modified at such time that the case is determined to be at issue. Fla. R. Civ. P. 1.440.

**ORDERED** in Alachua County, Florida, on April 23, 2021.

Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

1/17/2022

Plaintiff or Plaintiff's Counsel                    Date

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO: 2022 CA 155

NWABUFO "OBI" UMUNNA, As Personal Representative for the Estate of KENNETH MICHAEL GILLIAM,

     Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and MULAX EXPRESS LLC,

     Defendants.

_____ /

## SUMMONS / PERSONAL SERVICE OF AN INDIVIDUAL

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production, and Request for Admissions in the above-styled cause upon the Defendant:

**SHAWBEL ANTONIO MOORE**
**6710 NE 5th Avenue**
**Ocala, FL 34475**

     WITNESS my hand and seal of this Court on this 18TH day of JANUARY, 2022.

J.K. "JESS" IRBY, ESQ.
Clerk of the Circuit Court

By _____
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**Jeffrey J. Humphries, Esquire**
**Plaintiff/Plaintiff's Attorney**
**Morgan & Morgan, P.A.**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida 32202**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de la ADA, Alachua

2

County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237), por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou à son avocat) nomme ci-dessous.

Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Koodonate ADA a, Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237), fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an sid dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; sii ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.

**MORGAN & MORGAN, P.A.**
**Jeffrey J. Humphries, Esquire**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida  32202**
**(904) 398-2722**

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO:

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

      Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____ /

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production, and Request for Admissions in the above-styled cause upon the Defendant:

**MULAX EXPRESS LLC**
**c/o Todd A. Hawblitzel, as Registered Agent**
**2676 SE Brigantine Place**
**Port St. Lucie, FL 34953**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

**Jeffrey J. Humphries, Esquire**
**Plaintiff/Plaintiff's Attorney**
**Morgan & Morgan, P.A.**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida 32202**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on

plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and seal of this Court on this ___18TH___ day of ___JANUARY___, 2022.

J.K. "JESS" IRBY, ESQ.
Clerk of the Circuit Court

By_____
As Deputy Clerk

2

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO:  012022CA000155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

      Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____ /

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, SHAWBEL ANTONIO MOORE

COMES NOW the Plaintiff, **NWABUFO "OBI" UMUNNA, as Personal Representative for the Estate of KENNETH MICHAEL GILLIAM,** pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and request the Defendant, **SHAWBEL ANTONIO MOORE**, to admit or deny the following within forty-five (45) days from the date of the certificate of service hereof.

1.      That at the time of the subject accident, Defendant, **SHAWBEL ANTONIO MOORE,** operated the motor vehicle in Alachua County, Florida.

2.      That at the time of the subject accident, Defendant, **MULAX EXPRESS LLC**, owned the motor vehicle in Alachua County, Florida that Defendant, **SHAWBEL ANTONIO MOORE**, was operating and driving with the permission and consent of its owner, Defendant, **MULAX EXPRESS LLC**.

3.       That Defendant, **SHAWBEL ANTONIO MOORE,** was negligent in the operation of said motor vehicle which resulted in a collision with Plaintiffs on or about November 14, 2020.

4.       That Decedent, **KENNETH MICHAEL GILLIAM**, was injured in the subject accident, which resulted in his untimely death.

5.       That Decedent, **KENNETH MICHAEL GILLIAM,** was not guilty of negligence which caused or contributed to the subject accident.

**I HEREBY CERTIFY** that a true copy of the foregoing has been provided to the Defendant along with service of the Complaint and Summons in this action.

**MORGAN & MORGAN**

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO:  012022CA000155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

      Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____ /

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, SHAWBEL ANTONIO MOORE

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, **NWABUFO "OBI" UMUNNA, As Personal Representative for the Estate of KENNETH MICHAEL GILLIAM**, by and through the undersigned counsel, requests that Defendant, **SHAWBEL ANTONIO MOORE**, produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 76 South Laura Street, Suite 1100, Jacksonville, Florida  32202 within forty-five (45) days after service of this Request to Produce.

### I. Definitions

As used throughout this Request to Produce, the following terms are defined as follows:

A.      "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of

negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any king or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

"Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

B.   "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

C.   "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

D.   "Statement" means (1) any written statement made by any person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

E.   As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

F.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.      The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III.  Grouping or Numbering of Items Produced

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

## IV.  Place, time, and manner of response

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 S. Laura Street, Suite 1100, Jacksonville, FL 32202, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.    All statements made by any occupants of the vehicles involved in the subject incident.

2.    All statements made by any witnesses to the subject accident.

3.    All statements made by the Plaintiff pertaining to or concerning the subject matter.

4.    All photographs of the vehicles involved in the subject accident.

5.    All photographs of the Plaintiff depicting injuries received in the subject accident.

6.    All photographs of the subject accident scene.

7.    Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

8.    Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

9.    Appraisals of the property damage sustained by Plaintiff's car in the subject accident.

10.   A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

11.   A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant together with the Summons and Complaint.

MORGAN & MORGAN

*[signature]*

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO:  012022CA000155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

      Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, SHAWBEL ANTONIO MOORE

PURSUANT TO Rule 1.340, Florida Rules of Civil Procedure, you are required to answer the following Interrogatories in writing and under oath within forty-five (45) days from the date of service.

**I HEREBY CERTIFY** that an original and one copy of the Interrogatories numbered one (1) through fourteen (14) have been furnished to the Defendant together with the Summons and Complaint.

**MORGAN & MORGAN**

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.     For the purposes of these interrogatories, "you," "your," and "Defendant" mean **SHAWBEL ANTONIO MOORE.**

2.     As used in these interrogatories, "document" or "documents" means the original and all copies of the original which differ in any respect from the original (whether by interlineation, draft copy, notations written thereon, indication of copies sent or received or to whom routed, or otherwise) of any letter, correspondence, pamphlet, memorandum, handwritten note, work paper, video, photograph, microfilm, report, contract, chart, paper, drawing and any other written, recorded or transcribed matter of any description, however produced or reproduced, and all supplements and amendments thereto.

3.     As used in these interrogatories, "identify all documents" means: (a) describe the documents by generic type (e.g., invoice, debit memo) and also specifically (e.g., name of the document, number of pages, summary of its substance); (b) state any identification number on each document; (c) state where each document is currently kept and where it has been kept since its creation; and (d) state the name, address, phone number, date of birth, social security number of the present custodian, all past custodians, and the dates during which each custodian had custody of each document.  Please follow procedures (a)-(d) for each document which originated with **DEFENDANT**, or anyone else who generated documents relevant to this litigation and responsive to these interrogatories.

4.     You have the burden of proving any objection that you make to an interrogatory.

5.     If you claim that a privilege (attorney-client, work product, trade secret, etc.) prevents you from answering an interrogatory or identifying a document, please state the nature of the privilege and the grounds for its assertion.  In addition, if you claim that a privilege prevents the production of a document, identify the document as described in Paragraph 3 and all persons, whether natural or artificial, who received or reviewed the document.

6.     If you fail to answer an interrogatory on the grounds that an interrogatory is unduly burdensome or will cause you great expense, please explain why and supply as much information as you can that is not unduly burdensome or too expensive to obtain.

7.     If you fail to answer an interrogatory on the grounds that an interrogatory is not calculated to lead to admissible evidence, please explain why you believe it does not meet this broad standard.

8.     If you fail to answer an interrogatory on any other grounds, please explain why.

## INTERROGATORIES TO DEFENDANT, SHAWBEL ANTONIO MOORE

1.  Please state your name, address, and if you are answering for someone else, your official position?

2.  Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question?

3.  List all the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which witness has knowledge.

4.  List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard of who is purported to have heard the Plaintiff make any statement, remark or comment concerning the incident described in the Complaint and the substance of each statement, remark or comment.

5.  Did any mechanical defect regarding the vehicle in question contribute to the occurrence of the accident?  If so, what was the nature of the defect?

6.      Were you suffering from any physical infirmity, disability or sickness at the time of the occurrence of the accident described in the Complaint?  If so, what was the nature of the infirmity, disability or sickness?

7.      Did you consume any alcoholic beverages or any drugs or medication within 12 hours before the occurrence of the accident described in the Complaint?  If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where were they consumed?

8.      Do you wear glasses or contact lenses?

9.      Were you charged with any violation of the law arising out the incident referred to in the Complaint?  If so:

        (a)     What plea did you enter to the charge;

        (b)     What court was the charge heard in;

        (c)     What was the nature of the charge;

        (d)     Was the testimony at any trial on the charge recorded in any manner, and, if so, what was the name and address of the person who recorded the testimony?

4

10.   Did you have liability insurance coverage that protects you from the damages sought by the Complaint?  If so:

    (a)   What is the name of the insurance company having the coverage;

    (b)   What is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage;

    (c)   What is the policy number of each policy?

11.   List the names and addresses of all persons or corporations who were registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on the date of the accident described in the complaint.

12.   Have you ever been convicted of a crime?  If so, what was the date and place of conviction?

13.   Describe in detail how the accident happened, including all actions taken by you to prevent the accident.

14.   Do you intend to call any non-medical expert witnesses at the trial of this case?  If so, please identify each witness; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify, and give a summary of the grounds for each opinion.

_____          _____
SIGNATURE                                DATE


STATE OF _____

COUNTY OF _____


BEFORE ME, the undersigned authority, personally appeared **SHAWBEL ANTONIO MOORE**, who is personally known to me or who furnished identification in the form of _____, and who, after being first duly sworn, deposes and says that the foregoing is true and correct to the best of his/her knowledge, information and belief, and that he/she subscribed his/her name hereto in certification thereof.


_____          _____
DATE                        NOTARY PUBLIC


                            _____
                            TYPE OR PRINT NAME

                            MY COMMISSION EXPIRES: _____

Case 1:22-cv-00056-AW-GRJ   Document 1-1   Filed 03/07/22   Page 32 of 97

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO:  012022CA000155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

      Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____ /

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, MULAX EXPRESS LLC

COMES NOW the Plaintiff, **NWABUFO "OBI" UMUNNA, As Personal Representative for the Estate of KENNETH MICHAEL GILLIAM**, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and request the Defendant, **MULAX EXPRESS LLC**, to admit or deny the following within forty-five (45) days from the date of the certificate of service hereof.

1.     That at the time of the subject accident, Defendant, **SHAWBEL ANTIONIO MOORE**, operated the motor vehicle in Alachua County, Florida.

2.     That Defendant, **SHAWBEL ANTIONIO MOORE**, was negligent in the operation of said motor vehicle which resulted in a collision with Plaintiff on or about November 14, 2020.

3.     That at the time, Defendant, **SHAWBEL ANTIONIO MOORE,** was operating the vehicle while in the course and scope of employment of Defendant, **MULAX EXPRESS LLC.**

4.      That Decedent, **KENNETH MICHAEL GILLIAM**, was injured in the subject accident, which resulted in his untimely death.

5.      That Decedent, **KENNETH MICHAEL GILLIAM,** was not guilty of negligence which caused or contributed to the subject accident.

**I HEREBY CERTIFY** that a true copy of the foregoing has been provided to the Defendant along with service of the Complaint and Summons in this action.

**MORGAN & MORGAN**

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO:  012022CA000155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

     Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

     Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, MULAX EXPRESS LLC

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, you are required to answer the following Interrogatories in writing and under oath within forty-five (45) days from the date of service.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that an original and one copy of the Interrogatories numbered one (1) through fourteen (14) have been furnished to the Defendant together with the Summons and Complaint.

MORGAN & MORGAN

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

## PRELIMINARY NOTES ABOUT DISCOVERY

Plaintiff requests that Defendant include within the four corners of the response to these interrogatories and all future interrogatories not only the responses, but also the interrogatories as propounded. This courtesy is requested for the convenience of all parties and the Court so that both can be reviewed in order from examining one document.

Plaintiff also requests that Defendant take the time to accumulate all information that is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery is insufficient, Plaintiff will extend the time, provided the extension requested is not excessive.

## INSTRUCTIONS

1.      Defendant shall serve answers to these interrogatories separately and under oath within forty-five (45) days from the date of service.

2.      In providing its response, Defendant is requested to furnish all information available to it, including information available to Defendant or obtainable to Defendant from its employees, agents, representatives, investigators, and attorneys.

3.      If Defendant cannot answer an interrogatory in full after exercising due diligence to secure the information, it is requested to so state and answer to the extent possible, specifying its inability to answer the remainder of the interrogatories, stating whatever information or knowledge it has concerning the unanswered portions of the interrogatories and stating why it is unable to answer the unanswered portions.

4.      If you contend that you are entitled to withhold from production any document identified in an answer on the basis of attorney/client privilege, the work product privilege, or

2

any other ground, you are required to supply the following information in your answer as to each such document:

(1)  Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
(2)  State the date listed on the document;
(3)  Identify the persons who sent and received the original and/or any copy(ies) of the document;
(4)  Identify the custodian of the document;
(5)  State the subject matter of the document;
(6)  State the basis upon which you contend you are entitled to withhold the document from production,
(7)  The specific basis for the assertion of such privilege,
(8)  The author of each such document,
(9)  The present location of any and all copies of each said document; and,
(10) The label name or description of each file where the original or copy of the document is kept or located and any file numbers used in connection with it.

## DEFINITIONS

For the purpose of these interrogatories, the following definitions shall apply:

A.    "Plaintiff" means Plaintiff, KENNETH MICHAEL GILLIAM, and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for his behalf.

B.    Each interrogatory seeks information available to MULAX EXPRESS LLC and all persons acting in its behalf. Accordingly, as used herein, the terms "Defendant", "you" and "your" refer without limitation to MULAX EXPRESS LLC, MULAX EXPRESS LLC's attorneys, agents and anyone who, at the relevant time, was acting or purporting to act for it or in MULAX EXPRESS LLC's behalf.

C.    The terms "MOORE" and "Driver" refer to Defendant SHAWBEL ANTONIO MOORE.

D.    The terms "Carrier" and "Company" refer to Defendant MULAX EXPRESS LLC.

E.   As used herein, the term "relating to" includes relating in any way or pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specified request.

F.   The term "including" shall mean including, but not limited to, and shall be interpreted as broadly as possible. Any specifically listed items to be included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

G.   "Identify" or "describe" or "description":

   1)   when used in referring to a person, means to state his or her full name, present and last known residence and business addresses, all known telephone numbers, cellular phone numbers, and email addresses, employer, and title or position;

   2)   when used in referring to an entity means to state its official name, its organizational form, and all known addresses;

   3)   when used in referring to a document, means to describe the type and nature of the document, the date, title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it; author, addressee(s);

   4)   when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the

communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who initiated the discussion or communication, the identity of all persons present and/or witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;

5) when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the event.

H. The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters, correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station

receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high-lighting, etc. Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced. Any markings are to be identified or produced and, if necessary, identified as a separate document.

I.      As used herein, the "date" shall mean the exact day, month and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

J.      The terms "Crash" means the crash that gives rise to this suit, which occurred on or about November 14, 2020, Alachua County, Florida.

K.      The term "Truck" refers to the tractor bearing VIN # 1XKYDP9X1FJ448996 and the loaded trailer bearing VIN# 1JJV532D7LL185165 involved in this Crash.

L.      As used herein, the "relevant time period" means from 365 days before the Crash through 120 days after the Crash. Unless a different time frame is specified, respond to each request for the relevant time period.

M.      The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including any state or federal department of

transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, the Environmental Protection Agency, and any law enforcement agency.

N.   The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer or cargo including: communication devices (e.g., cellular telephones, satellite telephones, all Bluetooth devices, tablets, iPads, Kindle, Android electronics, mobile hot-spot, mobile gateway, wifi device, computers, laptops, PDAs, etc.); G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g., hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any onboard cameras or video devices (e.g., dash cams, Go Pros, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g., remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind (e.g., VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs, Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems;

any transponders or tachographs; any bar code or toll pass systems; any entertainment or gaming systems (e.g., televisions, hand held electronic games, Playstation, Xbox, Wii, etc.); any other tracking system, logging unit, trip monitor, trip recorder, satellite systems, cellular systems, etc., and all other third party systems, electronics or other devices not described above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording. This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g., Transflo Mobile, BigRoad Free Truck Driver Log Book, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

O.   In the event that the attorney/client privilege, work product privilege, or any other claim of privilege is asserted with respect to any document that is herein requested or a notation on or related to that document, then as to each allegedly privileged document or marking, you are required to supply the following information in your response or in a separate privilege log:

1) Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
2) State the date(s) listed on the document;
3) Identify the persons who sent and received the original and/or any copy(ies) of the document;
4) Identify the custodian of the document;
5) Describe the subject matter of the document;
6) State the basis for the assertion of such privilege upon which you contend you are entitled to withhold the document from production;
7) Identify the author of each such document;
8) Describe the present location of any and all printed, handwritten or electronic copies of each said document; and
9) Describe the label name or description of each file where the original or copy of the document is kept or located and any file number or numbers used in connection with it.

## INTERROGATORIES TO DEFENDANT, MULAX EXPRESS LLC

1.   What are the names, telephone numbers and addresses of all persons taking part in answering these interrogatories, and, if applicable, the persons' official position or relationship with the party to whom the interrogatories are directed at the time of the Crash and when answering these interrogatories?

2.   Please identify the person or persons who held each of the following positions on the date of the Crash, and please identify by whom each such person was employed:

   a.   The Chief of Operations;
   b.   The Safety Director;
   c.   The Head of Maintenance;
   d.   The Head of Dispatch;
   e.   The Dispatcher of MOORE on the trip that resulted in the Crash;
   f.   All persons involved in negotiations with any defendant; and,
   g.   The person(s) responsible for performing the annual or other periodic review of the driving or safety record of MOORE.

3.   Describe any and all insurance policies you or any other defendant had that had a coverage period that included the date of the Crash, whether or not the policy was still in effect on the date of the Crash and whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including any umbrella, MCS-90 endorsement, or excess coverage policies; and for each include the name of the insurance company providing the coverage, the extent of each coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage, the policy number of each policy, whether the insurer has offered or provided a defense under a reservation of rights or otherwise contested or raised defenses to providing coverage for this Crash or the claims asserted in this lawsuit, and describe any other claims being asserted against the policy, from this Crash or during the same policy period, that would reduce the amount of coverage available for the claims asserted in this lawsuit or from the Crash.

4.  Identify every insurance agent with whom you conducted business or through whom you purchased any policy of insurance during the past five years, whether or not the policy was still in effect on the date of the Crash and whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including any umbrella, MCS-90 endorsement, or excess coverage policies.

5.  Describe in detail each act or omission on the part of any party to this lawsuit or nonparties that you contend constituted negligence that was a contributing legal cause of the Crash and/or damages claimed in the suit.

6.  Do you contend that any mechanical or maintenance defect or other problem in the Truck or cargo contributed to the Crash? If so, describe the nature of the defect and how it contributed to the Crash.

7.  Do you contend that any person or entity other than the Driver is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based and whether or not you have notified each such person or entity of your contention.

8.  What cargo or products, if any, was the Driver transporting at the time of the Crash, where and when did the Driver pick up the load, and identify the persons or entities (brokers, logistics companies, freight forwarders) that loaded the cargo or products in the trailer, where and when the load was to be delivered and any schedules or deadlines for the load deliveries.

9.    Have you been a defendant in any other personal injury or wrongful death lawsuits arising out of motor vehicle or commercial motor vehicle crashes during the last 5 years? If so, provide the following information for each:

   a.  the date of the incident forming the basis of the injury claimed;
   b.  the location of the incident giving rise to the claim;
   c.  describe the incident;
   d.  identify the person injured or killed;
   e.  identify the lawyer(s) who represented any party to the lawsuit;
   f.  the date the litigation was filed;
   g.  the court in which it was filed;
   h.  the case name and style;
   i.  the case number; and
   j.  describe the date and type of disposition of the case.

10.   Describe your relationship with each defendant at the time of the Crash, including the nature of the relationship and legal status (e.g. employee, contractor, partner, etc.), how long the entities have conducted business together, what terms, conditions, and/or agreements existed between the entities at the time of this Crash, describe all documents that evidence the agreements (contracts, material term sheets, memoranda of understanding, etc.) and identify by name, title and address the people within your Company that have the most knowledge about each relationship.

11.   Describe in detail all policies, procedures, rules, guidelines, directives, manuals, handbooks, training and education (including on the job training) in place by Defendant at the time of the Crash that in any way related to the operation, maintenance, inspection or use of a commercial motor vehicle.

11

12.     Please describe the entire transportation cycle for all cargo on the Truck on the date of the Crash, including from purchase of the items from the seller or shipper to delivery to the end consumer that was to receive the deliveries, including the following information: identify all shippers, motor carriers, brokers, logistics companies, freight forwarders, drivers, receivers and all other persons or entities involved; describe all payments, consideration and monies to be paid or received; and identify any and all communications and documents that relate to any aspect of the transportation cycle, the deliveries or receipt of the cargo being transported the day of the Crash or the information requested.

13.     Please state whether you utilized any third party person or entity to consult on or perform any driver qualification, recertification, review or training, route planning, dispatching, accident investigation, compliance, or any other safety or driving functions during the relevant time period. If so, for each describe the nature of the relationship and the legal status (e.g. employee, contractor, partner, etc.); the services or material terms and consideration for each party; how long the entities have conducted business together; what terms, conditions, and/or agreements existed between the entities at the time of this Crash; identify by name, title and address the people within your Company that have the most knowledge about each relationship; and describe all documents that evidence the agreements between you and the third party and any documents exchanged regarding this Crash or the defendants in this case.

14.     Describe the entire contents of the cargo on the Truck on the date of the Crash, including the number and type of deliveries, the total weight of the Truck when it was first loaded and at the time of the Crash, and the location and number of deliveries or stops remaining on the Truck at the time of the Crash.

_____          _____
SIGNATURE                                 DATE


By _____ as _____ of **MULAX EXPRESS LLC**



STATE OF _____

COUNTY OF _____



     BEFORE ME, the undersigned authority, personally appeared _____ as _____ of **MULAX EXPRESS LLC**, who is personally known to me or who furnished identification in the form of_____, and who, after being first duly sworn, deposes and says that the foregoing is true and correct to the best of his/her knowledge, information and belief, and that he/she subscribed his/her name hereto in certification thereof.


_____          _____
DATE                               NOTARY PUBLIC


                                   _____
                                   TYPE OR PRINT NAME

                                   MY COMMISSION EXPIRES: _____

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO:  012022CA000155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

      Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____ /

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO
## DEFENDANT, MULAX EXPRESS LLC

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, **NWABUFO "OBI"**
**UMUNNA, As Personal Representative for the Estate of KENNETH MICHAEL**
**GILLIAM**, by and through the undersigned counsel, requests that Defendant, **MULAX**
**EXPRESS LLC**, produce for inspection or copying the documents set forth below.  Defendant
shall produce these documents at 76 South Laura, Suite 1100, Jacksonville, Florida 32202 within
forty-five (45) days after service of this Request to Produce.

## PRELIMINARY NOTES ABOUT DISCOVERY

Plaintiff requests that Defendant respond to these and all future discovery requests by
producing the requested information and documents separately identified according to request
number and identifying the documents produced by stating which numbered request they
respond to.  Plaintiff requests that Defendant not produce unidentified documents via letters that
state essentially nothing more than "here are some more responsive documents."

Plaintiff also requests that Defendant take the time to accumulate all information that is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery is insufficient, Plaintiff will extend the time, provided the extension requested is not excessive.

## INSTRUCTIONS AND DEFINITIONS

A.   Each request seeks information available to MULAX EXPRESS LLC and all persons acting in its behalf. Accordingly, as used herein, the terms "Defendant", "you" and "your" refer without limitation to MULAX EXPRESS LLC, it's attorneys, agents and anyone who, at the relevant time, was acting or purporting to act for it or in MULAX EXPRESS LLC's behalf.

B.   "Plaintiff" means the Plaintiff KENNETH MICHAEL GILLIAM and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for his behalf.

C.   The terms "Driver" and "Defendant Driver" refer to Defendant SHAWBEL ANTONIO MOORE.

D.   The term "Carrier" refers to Defendant MULAX EXPRESS LLC.

E.   As used herein, the term "relating to" includes relating in any way or pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specified request.

F.   The term "including" shall mean including, but not limited to, and shall be interpreted as broadly as possible. Any specifically listed items to be included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

2

G.    "Identify" or "describe" or "description":

1)   when used in referring to a person, means to state his or her full name, present and last known residence and business addresses, all known telephone numbers, cellular phone numbers, and email addresses, employer, and title or position;

2)   when used in referring to an entity means to state its official name, its organizational form, and all known addresses;

3)   when used in referring to a document, means to describe the type and nature of the document, the date, title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it; author, addressee(s);

4)   when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who initiated the discussion or communication, the identity of all persons present and/or witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;

5)   when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the event.

H.    The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters,

3

correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high-lighting, etc. Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced. Any markings are to be identified or produced and, if necessary, identified as a separate document.

I.    As used herein, the "date" shall mean the exact day, month and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

J.    The term "Crash" means the crash that gives rise to this suit, which occurred on or about November 14, 2020, Alachua County, Florida.

K.    The term "Truck" refers to the truck with VIN# 1XKYDP9X1FJ448996 the trailer bearing VIN# 1JJV532D7LL185165 involved in this Crash.

4

L.   As used herein, the "relevant time period" means from 365 days before the Crash through 120 days after the Crash. Unless a different time frame is specified, respond to each request for the relevant time period.

M.   The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including any state or federal department of transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, the Environmental Protection Agency, and any law enforcement agency.

N.   The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer(s) or cargo including: communication devices (e.g. cellular telephones, satellite telephones, all Bluetooth devices, tablets, iPads, Kindle, Android electronics, mobile hot-spot, mobile gateway, wifi device, computers, laptops, PDA's, etc.); G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g. hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any onboard cameras or video devices (e.g. dash cams, go pro's, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g. remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind

5

(e.g. VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs, Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems; any transponders or tachographs; any bar code or toll pass systems; any entertainment or gaming systems (e.g. televisions, hand held electronic games, Playstation, Xbox, Wii, etc.); any other tracking system, logging unit, trip monitor, trip recorder, satellite systems, cellular systems, etc., and all other third party systems, electronics or other devices not described above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording. This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g. Transflo Mobile, BigRoad Free Truck Driver Log Book, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

O.     In the event that the attorney/client privilege, work product privilege, or any other claim of privilege is asserted with respect to any document that is herein requested or a notation on or related to that document, then as to each allegedly privileged document or marking, you are required to supply the following information in your response or in a separate privilege log:

1) Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
2) State the date(s) listed on the document;
3) Identify the persons who sent and received the original and/or any copy(ies) of the document;

6

4) Identify the custodian of the document;
5) Describe the subject matter of the document;
6) State the basis for the assertion of such privilege upon which you contend you are entitled to withhold the document from production;
7) Identify the author of each such document;
8) Describe the present location of any and all printed, handwritten or electronic copies of each said document; and
9) Describe the label name or description of each file where the original or copy of the document is kept or located and any file number or numbers used in connection with it.

P.      Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

Q.      A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 South Laura, Suite 1100, Jacksonville, Florida 32202, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

## DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.      A copy of your OP-1 Application for Operating Authority filed with any government agency for the past 5 years.

2.      A copy of your MCS-150 forms filed with any government agency for the last 5 years.

3.      Any documents relating to the agreements between and consideration for your company utilizing any other defendants' U.S. D.O.T. number or operating authority to deliver goods in interstate or intrastate commerce using commercial motor vehicles.

4.      For each person, entity, truck, trailer or other transportation equipment involved in the Crash, provide a complete and certified copy of the declaration pages, policy forms, endorsements, amendments or other documents for any insurance policies that you or any other defendant had in effect at the time of the Crash, whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including for any automobile, business auto, commercial general liability, business

liability, personal negligence liability, motor carrier, MCS-90 endorsement, umbrella, or excess coverage policies.

5.    Copies of all reservation of rights letters and/or agreements regarding any insurance coverage for the Crash.

6.    An organizational chart of your company at the time the Driver was hired, at the time of the Crash and today.

7.    An organizational chart showing the relationship between all MULAX EXPRESS LLC entities and any named defendant in this case.

8.    A list of all subsidiary, related, parent, wholly or partially owned entities of any named defendant in this case.

9.    A copy of each document retention policy in effect for you at the time of the Crash and now.

10.    All manuals, videos, books or other similar documents used to train your commercial motor vehicle drivers for two years prior to the date of the Crash and through today.

11.    All documents and materials relating to your maintenance annual inspections policies and reports for the relevant time period.

12.    All documents and materials relating to your maintenance policy and procedures for the relevant time period.

13.    All company newsletters distributed during the time period beginning two years before the Crash to present.

14.    Transcripts or recordings of all depositions, trial testimony or other sworn testimony of corporate designees for you given in the past five years for any reason and in the past ten (10) years in any case where it was alleged that a driver or other employee or agent working for you caused injury or death to another person.

15.    Internal policies and procedures or safety materials of any defendant in effect on the date of the Crash (whether or not provided to any of its drivers, dispatchers, safety directors, operation managers and/or auditors).

16.    Any and all audits of, and/or reports to, any other defendant or government agency in the five years before the Crash and any since the Crash.

17.    All Compliance Reviews or Safety Audits of your company (as defined by 49 C.F.R. §385.3) performed by any government agency during the five years prior to the date of the Crash.

18. All Safety Management Controls (as defined by 49 C.F.R. §385.3) that your company had in effect on the date of the Crash.

19. All safety ratings (as defined by 49 C.F.R. §385.3) issued to your company by any government agency for the five (5) years prior to and on the date of the Crash.

20. All notifications of safety ratings or fitness (as referenced in 49 C.F.R. §385.11) provided to your company by any government agency for five (5) years prior to date of the Crash to present.

21. All requests submitted by you for an administrative review to change your safety rating pursuant to 49 C.F.R. §385.15 from five (5) years prior to the date of the Crash to present.

22. All reports of audits performed by any government agency for or relating to your company for five (5) years prior to the date of the Crash to present.

23. A copy of the entire accident or crash register maintained by you pursuant to 49 C.F.R. §390.15 or for any other purpose.

24. All documents, records, and reports regarding any and all incidents or accident reports for five years before this Crash to present.

25. Photographs or color copies of all signs, posters, placards, or other visible safety messages, logos or warnings posted and visible to drivers or other employees or agents during the relevant time period.

26. All promotional materials, manuals, presentations, estimates, quotes, technical data, feasibility studies, cost benefit analyses or other documents reflecting any safety measure for your company, your employees, your drivers, your trucks, trailers, equipment or otherwise that has been considered or implemented by your company in the last ten years, including any telematics, driver monitoring, collision avoidance, collision warning, lane deviation, tire monitoring, or any other safety measure.

27. Any documents regarding the Defendant Driver's employment or agency with you or any other defendant covering the time period from the date when the Defendant Driver first became employed or contracted, up until the date of your response to this request, specifically including the Crash date.

28. Any documents relating to any lease agreements or contracts between you or any other defendant and the Defendant Driver pertaining to the Truck.

29. If applicable, all forms completed by either you or the Defendant Driver that were submitted to any government agency concerning any crashes involving the Defendant Driver during the period of the Defendant Driver's employment with you or any other defendant.

30.    The entire contents of all files relating to the Defendant Driver not otherwise produced, including personnel, payroll, discipline, or any other files.

31.    All initial or rough trip reports, settlement sheets or other documents, along with all final pay or accounting documents, or computer printouts showing trips run, miles driven, cargo or equipment delivered, expenses incurred and payments made to Defendant Driver in reference to any trip or trips for the seven (7) days before and the date of this Crash.

32.    The Defendant Driver's record of duty status or driver daily logs and all documents or electronic data or information that provide date, time and/or location information to audit or verify the those logs for thirty (30) days before the Crash, the date of the Crash, and seven (7) days after the Crash, including each and every version or draft of each daily log.

33.    The Driver's Vehicle Inspection Reports (DVIR) including any pre and post trip inspections for any vehicles operated by the Defendant Driver for the week of, the week before, the day of and the week after the Crash.

34.    All toll, fuel or other expense receipts relating to the Defendant Driver while operating any vehicles owned, leased or controlled by you or any other defendant for thirty (30) days before the Crash, the date of the Crash, and seven (7) days after the Crash.

35.    Any audits or reviews performed at any time of Defendant Driver's record of duty status, Daily or Multi-Daily Logbooks, expenses, Bills of Lading and/or any other work for the Defendant Driver or any other safety or compliance audit or review.

36.    A copy of all documents relating to any violation of any safety rule or principle by Defendant Driver at any time.

37.    All documents placing you on notice of any violation by Driver of any law, ordinance or regulation, including roadside inspections and reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

38.    All documents of any kind that relate to any action (formal or informal) by you or any supervisor or manager or anyone working by or on your behalf or any other defendant directed to Driver for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Driver in any way relating to the safe operation of a commercial vehicle, including all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

39.    All documents not otherwise requested or produced relating to any and all blood, urine, hair or other type of drug or alcohol testing of Driver in your possession, custody and/or control.

40.    The complete maintenance files, records and invoices on the Truck, and all other transportation equipment involved in the Crash, including any inspections, repairs or maintenance, as well as daily condition reports from two years prior to the Crash through the time of the return of the Truck to service following the Crash.

41.    A copy of the title, registration and any other ownership documents for the Truck and other transportation equipment involved in the Crash.

42.    Any document that relates to the make, model, features, accessories, year and identification number(s) of the Truck and other transportation equipment involved in the Crash.

43.    Any documents relating to all persons, corporations or entities who were registered title owners and/or had ownership interest or right to control the Truck and other transportation equipment involved in the Crash, or the nature of their ownership interest or right to control it.

44.    All records, receipts, advertising, promotional materials, manuals, installation records, and any other documents relating to any aftermarket improvements or alterations to the tractor or trailer(s) at any time.

45.    All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any electronic device or communications device in or on the tractor, trailer, transportation equipment or cargo at the time of the Crash.

46.    All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any factory options or settings for OEM equipment on the Truck, transportation equipment or cargo at the time of the Crash.

47.    The lease for the Truck in effect as of the date of the Crash.

48.    The trip lease in effect as of the date of the Crash for the Truck.

49.    Any and all records for the Truck generated pursuant to 49 C.F.R. §396.3 during the relevant time period.

50.    Any and all records for the Truck generated pursuant to 49 C.F.R. §396.9 during the relevant time period.

51.    Any and all records for the Truck generated pursuant to 49 C.F.R. §396.11 during the relevant time period.

52.    All materials, manuals, technical data, cost or other documents reflecting any safety measure on the Truck or equipment involved in the Crash, including any telematics,

11

driver monitoring, collision avoidance, collision warning, lane deviation, tire monitoring, or any other safety measure.

53.     Any and all documents showing the type, installation, location, usage, capabilities, and description of any electronic device in or on the Truck or cargo at the time of the Crash.

54.     For each electronic device, if any data is available (whether or not downloaded or retrieved) color images or copies of any download, report, video, audio, GPS data, or other data that relates to the operation of the Truck for the thirty (30) days before, the date of the Crash and seven days after.

55.     All records that show or relate to the type, model, make, serial number, phone number, name of account holder, and service provider, of any electronic device, GPS, dash camera, or any other device capable of communicating with people or entities outside the Truck on the date of the Crash.

56.     For each communication capable electronic device applicable to the preceding request, all bills, invoices, reports or other documents showing any use of that electronic device for the 30 days before, the date of the Crash and seven days after.

57.     Color copies or images of all information, data available from or downloaded from the Electronic Control Module or any other electronic device or system for the Truck being operated at the time of the Crash.

58.     Copies of all e-mails between you and Driver for the time period beginning 90 days prior to the Crash to present.

59.     Copies of all communications and transmissions between you and the Defendant Driver that were transmitted through any electronic device on-board of the Truck involved in the Crash for the period beginning 30 days before the Crash and ending seven days after the Crash.

60.     Any documents or GPS data relating to the Driver's point of origin (where he was coming from) and destination (where he was heading) at the time of the Crash, including all stops made or to be made that day, any deadlines or route scheduling sheets any route planning for the day of the Crash.

61.     Any and all accident and/or incident reports and investigations prepared by any defendant as a result of the Crash, other than the police report.

62.     Any photographs, movies, surveillance footage, security footage, and/or videotapes taken by anyone related to the Crash, that reflect the scene of the Crash, the vehicles involved or of any of the parties to this cause for the day of the Crash.

63.     A legible color image or copy of any drawings or diagrams that reflect the scene of the Crash, the vehicles involved or any of the parties to this cause.

64.     A copy of the application and/or claims for benefits and/or claims for payments submitted for personal injuries and/or property damage as a result of the Crash.

65.     Any documents regarding any damages or losses suffered by any defendant as a result of the Crash, including property damage or money you had to pay for damage to the person or property of someone else.

66.     Any statements, either written or recorded, made by Plaintiff pertaining to the Crash described in the Complaint.

67.     Accident files, records, reports or any other documents of whatever nature relating to the Crash sent by, or on behalf of, any defendant to any government agency.

68.     Color copies of photographs taken of the Plaintiff, any defendant, the crash scene, or any persons or vehicles involved in the Crash that purport to show any injuries and/or damages.

69.     Copies of all invoices or appraisals depicting property damage to any vehicle, equipment, cargo or personal property involved in the Crash.

70.     Any photographs, movies and videotapes that you intend to use in any deposition taken in this cause, including any that reflect the scene of the Crash, the vehicles involved in the Crash or of any of the parties to this cause.

71.     Any photographs, movies and videotapes that you intend to use at the trial of this cause, including any that reflect the Plaintiff, the scene of the Crash or the vehicles involved.

72.     All documents that set forth any facts leading up to the Crash.

73.     All documents that support the affirmative defenses raised in your Answer.

74.     All documents relating to any citations charged against you or your Driver as a result of the Crash.

75.     Any exhibits prepared by you or the Driver that you intend to use at the trial of this cause.

76.     All documents or notations relating to or proving that the Defendant Driver was utilizing any electronic device or other communications device while driving on the date of the Crash.

77.     All documents or notations relating to or proving that any representative of your company or any other person or entity sent to or attempted any electronic or other communications with the Defendant Driver while he was driving on the date of the Crash.

13

78.  All documents or notations relating to or proving that the Defendant Driver was utilizing any electronic device or other communications device while driving at the time of the Crash or within 30 minutes before or after the Crash.

79.  All documents or notations relating to or proving that any representative of your company or any other person or entity sent to or attempted any electronic or other communications with the Defendant Driver at the time of the Crash or within 30 minutes before or after the Crash.

80.  Dispatch records (written or electronic) indicating assignment of the Truck to the Defendant Driver and his instructions to pick up and deliver any cargo, the dates and times of pickup and delivery and any other factors related to deliveries made or to be made on the day of this Crash.

81.  Any driver call-in records or other written or electronic records indicating communications between any defendant and the driver on the day of the Crash, including any reference to the movement of the Truck, the cargo, the equipment and/or the Driver on the day of this Crash.

82.  All blanket or specific permits applicable to the load being transported at the time of the Crash, the Defendant Driver, or the Truck or other transportation equipment being used at the time of the Crash.

83.  Any and all documents relating to or identifying each and every person or entity involved in any aspect of planning, logistics, negotiations, routing, scheduling, loading, unloading or delivering the load or cargo being transported in the Truck at the time of the Crash for the transportation cycle.

84.  Any and all documents relating to the entire transportation cycle for all cargo on the Truck at the time of the Crash, including from purchase of the items to delivery to the end consumers that were to receive the deliveries, including motor carriers, drivers, brokers, logistics companies, and all other persons or entities involved.

85.  Any and all documents relating to all payments, consideration and monies owed, paid or received for any aspect of the entire transportation cycle for all cargo on the Truck at the time of the Crash.

86.  Any and all documents relating to the delivery or receipt of the materials or goods hauled by the Defendant Driver on the date of the Crash.

87.  All contracts, leases, or other written agreements between you and any other defendants in this matter in effect during the relevant time period, including those relating to the transportation of cargo on the Truck at the time of the Crash.

88.  All invoices, evidence of payments, communications and other documents exchanged or between any defendants during the relevant time period.

89.   Any and all documents regarding the termination of any contracts, leases, or other written agreements between you and any other defendants, if any, in this matter.

90.   Any and all communications regarding this Crash, your safety record, or your relationship, with any other named defendant in this case, including any employee, agent, attorney, expert, contractor or other representative of any other defendant.

91.   Any joint defense or joint representation agreements between you or your attorneys and any other defendant(s) or defense attorney(s) relating to this Crash or the claims being made in this lawsuit.

Plaintiff would show in support of said request that the items herein enumerated are in the possession, custody, and control of Defendant and constitute or contain matters within the scope of rule 1.280(b), of the Florida Rules of Civil Procedure. Plaintiff needs the materials itemized herein in the preparation of this case, and Plaintiff is unable, without undue hardship, to obtain the substantial equivalent of said materials by other means.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant together with the Summons and Complaint.

MORGAN & MORGAN

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY, FLORIDA

**CASE NO: 012022CA000155**

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

      Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____ /

## NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF SHAWBEL ANTONIO MOORE
### *(Counsel to produce Deponent. All parties and videographer to appear via zoom.)*
*(IF AN INTERPRETER IS NECESSARY, PLEASE ADVISE THE UNDERSIGNED)*

      PLEASE TAKE NOTICE that on June 2, 2022 at 10:00 a.m. EST, the Plaintiff will take the deposition of:

### SHAWBEL ANTONIO MOORE

      Via Zoom video-conferencing, upon oral examination before Esquire Deposition Solutions, Court Reporters, or a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions.  The depositions are being taken for the purposes of discovery, for use at trial, or both of the foregoing, or for such other purposes as permitted under the applicable and governing rules. The Zoom link is provided below.

**https://esquiresolutions.zoom.us/j/99664845345?pwd=bVZXRW9KODVia0FrNy9DUDFna TNZZz09**
**1 669 900 6833 or +1 346 248 7799 US Toll**
**Meeting ID:  99664845345**

**Meeting Passcode (if needed):  7884398**

The Deponent provide the documents listed in the attached Schedule "A" no later than 2 days prior to the start of said deposition.

The Videographer shall be **Esquire Deposition Solutions.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that an original and one copy of the Interrogatories numbered one (1) through fourteen (14) have been furnished to the Defendant together with the Summons and Complaint.

**MORGAN & MORGAN**

_[signature]_

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: <u>JHumphries@forthepeople.com</u>
Secondary emails: <u>TMcfarland@forthepeople.com</u>
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

cc:   Esquire Deposition Solutions

## Schedule A

1. Your complete driver qualifications file maintained pursuant to 49 CFR 391.21.

2. A copy of your application for employment for the carrier you were driving for at the time of the crash pursuant to 49 CFR 391.21.

3. Your complete driver logs for the 30 days up to and including the day of the crash that is the subject of the lawsuit.

4. Any pre-trip inspection checklist you utilized for your trip prior to the crash that is the subject of this lawsuit.

5. All bills of laden for any cargo you were hauling at the time of the crash that is the subject of the instant lawsuit.

6. A list of all accidents you have been involved in and reported pursuant to 49 CFR 390.5T.

7. A complete copy of your Driver's Motor Vehicle Record (MVR) for each state you have held a commercial driver's license  pursuant to 49 CFR 391.23(a)(1) and (b)).

8. All photos taken by you that in any way depicts the vehicles involved in the crash, the people involved in the crash, and the crash scene in any way.

9. A copy (front and back) of your current driver's license.

10. All reported violations of motor vehicle traffic laws and ordinances pursuant to 49 CFR 391.27.

11. A copy of your previous two (2) Medical Examiner's Certificate (issued pursuant to 49 CFR 391.41) that precede the date of the crash.

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO: 012022CA000155

NWABUFO "OBI" UMUNNA, As
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

     Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

     Defendants.

_____ /

## NOTICE OF TAKING DEPOSITION DUCES TECUM OF THE CORPORATE REPRESENTATIVE OF MULAX EXPRESS LLC
### *(Counsel to produce Deponent. All parties to appear via zoom.)*
*(IF AN INTERPRETER IS NECESSARY, PLEASE ADVISE THE UNDERSIGNED)*

PLEASE TAKE NOTICE that on June 2, 2022 at 2:00 p.m. EST, the Plaintiff will take the deposition of:

**THE CORPORATE REPRESENTATIVE MULAX EXPRESS LLC**

Via Zoom video-conferencing, upon oral examination before **Esquire Deposition Solutions**, Court Reporters, or a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The depositions are being taken for the purposes of discovery, for use at trial, or both of the foregoing, or for such other purposes as permitted under the applicable and governing rules. The Zoom link is provided below.

**https://esquiresolutions.zoom.us/j/99664845345?pwd=bVZXRW9KODVia0FrNy9DUDFna TNZZz09**
**1 669 900 6833 or +1 346 248 7799 US Toll**
**Meeting ID:  99664845345**
**Meeting Passcode (if needed):  7884398**

The Deponent provide the documents listed in the attached Schedule "A" no later than 2 days prior to the start of said deposition.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that an original and one copy of the Interrogatories numbered one (1) through fourteen (14) have been furnished to the Defendant together with the Summons and Complaint.

MORGAN & MORGAN

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff


cc:     Esquire Deposition Solutions

**Schedule A**

1. The company safety officer's training, experience, and qualifications;
2. The company's general hiring criteria for new drivers, including the practices for investigating the driver's history with other carriers;
3. The company's procedure for training drivers;
4. The company's employee manuals;
5. The company's general safety policies and procedures;
6. The company's inspection and maintenance practices for tractors and trailers;
7. The company's procedure for drivers to follow in the event of an accident, including what reports are generated;
8. The business relationship with the company and the driver;
9. The company's procedure for the safety officer to follow in the event of an accident, including what reports are generated;
10. The safety officer's actual communications with the driver following the accident;
11. The company's practices for comparing and contrasting the driver's logs with other documents or data to ensure compliance with regulations;
12. The company's practices for conducting medical and drug/alcohol testing on drivers;
13. The company's electronic systems for tracking drivers;
14. The company's fuel purchase data for tractor/truck in the 30 days before the incident alleged in the complaint.
15. The driver's fuel purchase data for tractor/truck in the 30 days before the incident alleged in the complaint.
16. The company's practices for disciplining or otherwise addressing drivers after at-fault events (e.g., hour violations, log violations, and accidents);
17. How the company's driver-accountability practices compare to other companies in the industry;
18. The company's methods for monitoring its drivers for driving time, safety violations;
19. The company's practices for conducting audits;
20. The company's hierarchy and corporate structure; and
21. The company's fleet size.
22. All reports, data, pictures, and all information provided to the Federal Motor Carrier Safety Administration (FMCSA) in the past 5 years:
23. All reports and records kept for all accidents in the past 5 years;
24. Company procedures for conducting drug and alcohol testing (2);
25. Company procedures for Disqualification of drivers;
26. Company procedures for monitoring the recording of hours of service for drivers (4);
27. Company procedures for vehicle inspection, maintenance, and repair of tractors/trucks (5);
28. Acquisition and retention of driver's safety performance histories received from previous employers ; and
29. Company procedure for the preparation and retention of pre-trip inspections and reports
30. Also, obtain and review company documentation for use in the corporate safety representative's deposition, such as:
31. The company's safety manuals, employee handbooks, training documents, etc.;
32. The driver's safety record, qualification file, and discipline file;

33. The truck involved in the incident alleged in the complaint maintenance and repair records;
34. The driver's inspection reports, bills of lading, weight tickets, hotel receipts, etc., from the 72 hours before the incident;
35. Industry uniform documents and standards; and
36. Photographs and videos, such as of the accident and overhead images of the area in which the accident occurred.

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY FLORIDA

CASE NO.: 2022 CA 0155

NWABUFO "OBI" UMUNNA, as Personal
Representative for the Estate of KENNETH
MICHAEL GILLIAM,

     Plaintiff,

v.

SHAWBEL ANTONIO MOORE and MULAX
EXPRESS LLC,

     Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW, Defendant, MULAX EXPRESS LLC, by and through the undersigned attorney and pursuant to the Florida Rule of Civil Procedure 1.370, hereby files this, their responses to Plaintiff's Request for Admissions to Defendant and states as follows:

1. That at the time of the subject accident, Defendant, SHAWBEL ANTIONIO MOORE, operated the motor vehicle in Alachua County, Florida.

**RESPONSE: Objection. This request is vague and ambiguous as to "at the time of the subject accident" and "the motor vehicle".**

2. That Defendant, SHAWBEL ANTIONIO MOORE, was negligent in the operation of said motor vehicle which resulted in a collision with Plaintiff on or about November 14, 2020.

**RESPONSE: Objection. This request seeks a legal opinion and legal conclusion, as it attempts to have this Defendant admit or deny whether Mr.**

Page 1
**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

CASE NO.: 2022 CA 0155

**Moore was negligent.  Moreover, this request seeks information about a central issue in this case.**

3.  That at the time, Defendant, SHAWBEL ANTIONIO MOORE, was operating the vehicle while in the course and scope of employment of Defendant, MULAX EXPRESS LLC.

**RESPONSE: Objection.  This request seeks a legal opinion and legal conclusion as to "while in the course and scope of employment".**

4.  That Decedent, KENNETH MICHAEL GILLIAM, was injured in the subject accident, which resulted in his untimely death.

**RESPONSE: Objection.  This request seeks a legal opinion and conclusion as well as a medical opinion and conclusion.**

5.  That Decedent, KENNETH MICHAEL GILLIAM, was not guilty of negligence which caused or contributed to the subject accident.

**RESPONSE: Objection.  This request seeks a legal opinion and legal conclusion, as it attempts to have this Defendant admit or deny whether the decedent was negligent.  Moreover, this request seeks information about a central issue in this case.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of February, 2022, a true and correct copy of the foregoing was filed with the Clerk of ALACHUA County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all parties registered with the e-Filing Portal system.

-2-
**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

CASE NO.: 2022 CA 0155

COLE, SCOTT, KISSANE, P.A.
*Counsel for Defendants SHAWBEL ANTONIO*
*MOORE and MULAX EXPRESS LLC*
4190 Belfort Road, Suite 300
Jacksonville, Florida 32216-1461
Telephone (904) 672-4046
Facsimile (904) 672-4050
Primary e-mail: sami.achemjr@csklegal.com
Secondary e-mail: april.goodsell@csklegal.com


By: _s/ Sami R. Achem, Jr._____
SAMI R. ACHEM, JR.
Florida Bar No.:  93892

0314.0239-00

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR ALACHUA COUNTY, FLROIDA

CASE NO.: 2022 CA 0155

NWABUFO "OBI" UMUNNA, as Personal
Representative for the Estate of KENNETH
MICHAEL GILLIAM,

      Plaintiff,

v.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendants.

_____/

## DEFENDANT'S FIRST REQUEST
## FOR PRODUCTION TO PLAINTIFF

COMES NOW Defendant, MULAX EXPRESS LLC, (hereinafter "Defendant")
by and through its undersigned counsel, propounds this Request for Production upon
Plaintiff, NWABUFO "OBI" UMUNNA, as Personal Representative for the Estate of
KENNETH MICHAEL GILLIAM, pursuant to Rule 1.350, Florida Rules of Civil
Procedure, to produce and permit the inspection and copying of the following
documents,writings, and other data:

## REQUESTS

1.  A copy of Kenneth Michael Gilliam's Birth Certificate.
**RESPONSE:**

2.  Copies of all marriage certificates and divorce judgments for the Decedent.
**RESPONSE:**

CASE NO.: 2022 CA 0155

3. Any and all hospital, medical, clinic, emergency room records, psychology records, psychiatric records, x-rays, medical reports, or doctor's reports related to or connected with the medical care and treatment rendered to the Decedent.
**RESPONSE:**

4. The pants, shorts, jacket, shoes/boots, helmet, or any other clothing and/or protective gearbeing worn by Kenneth Michael Gilliam at the time of the subject accident.
**RESPONSE:**

5. Produce all documents supporting the Plaintiff's contention that this Defendant was negligent as alleged in the Complaint.
**RESPONSE:**

6. Complete federal income tax returns for Kenneth Michael Gilliam for the five (5) years prior to the incident which is the subject of this lawsuit, including, but not limited to, form 1040s, all attached schedules, all W-2 forms, and all 1090 and 1099 forms.
**RESPONSE:**

7. Proof of earned income and proof of all non-earned income of the Kenneth Michael Gilliam (i.e. pay stubs, receipts, etc.) for any year that a federal income tax has not been filed during the five-year period preceding the incident which is the subject of this lawsuit.
**RESPONSE:**

8. Any and all photographs taken by the Plaintiff, the Plaintiff's attorneys, the police, investigators, agents, servants or employees, before or after the accident referenced in the Complaint which are in any manner related to:
(a) The injuries sustained by Kenneth Michael Gilliam.
(b) The scene of the alleged accident;
(c) Any of the vehicles involved in the subject accident; and                                .
(d) Any photographs depicting conditions at the accident scene, or conditions on any of the vehicles involved in the accident, which depict conditions no longer available today. **(It is specifically requested of the Plaintiff that color prints or digital copies of all photographs be produced at this Defendant's expense, or in the alternative, that the Plaintiff produce the negatives of said photographs so that this Defendant may have color prints made).**

**RESPONSE:**

9. A copy of any police report, investigation, reports, paramedical reports or incident reportsrelating to the accident herein.

-2-

CASE NO.: 2022 CA 0155

**RESPONSE:**

10. Any and all statements (whether written, transcribed or recorded) taken from the Defendant, or any of its servants, agents or employees concerning the matters alleged in the Complaint filed herein.
    **RESPONSE:**

11. All drawings, maps, charts or other documents which depict either the scene of the accident, the injuries or the product at issue, which the Plaintiff intends to utilize at trial.
    **RESPONSE:**

12. Any and all reports prepared by experts who have been retained by the Plaintiff to testify at trial.
    **RESPONSE:**

13. All medical records of any nature or sort from any healthcare practitioner or facility, including invoices, statements, receipts, canceled checks or similar documents relating to any treatment or examination of any of the **survivors** resulting from the accident complained of in the Plaintiffs Complaint.
    **RESPONSE:**

14. All bills, statements, invoices or similar documents representing the costs of any special damages claimed by the Plaintiff in this cause.
    **RESPONSE:**

15. All bills, documents, receipts, canceled checks, or other records evidencing the medical bills which the Plaintiff claims as damages.
    **RESPONSE:**

16. Medical reports of all doctors who treated or examined the decedent, and any of the survivors in connection with the subject incident.
    **RESPONSE:**

**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONV LLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

CASE NO.: 2022 CA 0155

17. Any and all documents evidencing the lost support and services of Kenneth Michael Gilliam, including future loss of support and services.
**RESPONSE:**


18. Any and all documents evidencing medical treatment the Decedent or any of the survivors underwent as a result of the incident (including psychiatric, psychological, or other mental health records).
**RESPONSE:**


19. Any and all insurance policies proving any benefits or coverage to the Plaintiff and the decedent or any claimed injury or damage from the subject accident.
**RESPONSE:**


20. Any and all releases, settlement agreements, Mary Carter agreements, stipulations, correspondence, or memoranda pertaining to any settlement between the Plaintiff or Decedent and any other person, party, insurer or entity, whether pending or completed, in connection with the subject accident or the injuries sustained therein.
**RESPONSE:**


21. Any and all workers compensation records pertaining to any claim made by Kenneth Michael Gilliam in connection with the accident which is the subject matter of this action.
**RESPONSE:**


22. A copy, both front and back of the driver's license of Kenneth Michael Gilliam.
**RESPONSE:**


23. Any and all estimates of damage and/or repairs in your possession, custody or control, or that of your agents or attorneys, for any of the vehicles involved in the motor vehicle accident which is the subject matter of this litigation.

**RESPONSE:**

CASE NO.: 2022 CA 0155

24. The cellular telephone bills and records for November 14, 2020 for Kenneth Michael Gilliam.
**RESPONSE:**

25. Any and all documents in the possession  of the Plaintiff pertaining  to the vehicles involved in the subject accident which Plaintiff contends support his/her theories of liability against Defendants, including but not limited to any onboard computer records, ECM data.
**RESPONSE:**

26. Any data (whether OPS, electronic control modules, brake control modules or other data)extracted from the vehicles involved in the subject incident.
**RESPONSE:**

27. Any and all police reports, including homicide investigation reports, regarding or referencing the subject incident.
**RESPONSE:**

28. All post incident toxicology results relating to the decedent.
**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of February, 2022, a true and correct copyof the foregoing was filed with the Clerk of Alachua County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all parties registered with the e-Filing Portal system.

CASE NO.: 2022 CA 0155

COLE, SCOTT, KISSANE, P.A.
*Counsel for Defendants SHAWBEL ANTONIO*
*MOORE and MULAX EXPRESS LLC*
4190 Belfort Road, Suite 300
Jacksonville, Florida 32216-1461
Telephone (904) 672-4014
Facsimile (904) 672-4050
Primary e-mail: john.darnell@csklegal.com
Secondary e-mail: sami.achemjr@csklegal.com
Alternate e-mail:  april.goodsell@csklegal.com

By:  s/ Sami R. Achem, Jr.
SAMI R. ACHEM, JR.
Florida Bar No.:  93892

0314.0239-00

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY FLORIDA

CASE NO. 2022 CA 155

NWABUFO "OBI" UMUNNA, as
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

       Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

       Defendants.

_____/

## <u>MULAX EXPRESS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>

COMES NOW Defendant, MULAX EXPRESS LLC (hereinafter "Defendant") by and through its undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.140, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

2. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

3.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

4.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

5.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 (including subparts a. and b. thereto) of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

6.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

7.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

8.  Defendant admits paragraph 8 of Plaintiff's Complaint.

9.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint,

and therefore must deny same and demand strict proof thereof at the trial of this cause

10. This Defendant denies the allegations set forth in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

**COUNT I**
**CLAIM AGAINST SHAWBEL ANTONIO MOORE**

11. This Defendant makes no response to the allegations set forth in paragraphs 11 through 14 of Plaintiff's Complaint, as these allegations are not directed to this Defendant.   To the extent any of the allegations contained in these paragraphs are deemed directed to this Defendant, the allegations are denied and this Defendant demands strict proof thereof at the trial of this cause.

**COUNT II**
**CLAIM AGAINST MULAX EXPESS LLC**

12. In response to paragraph 15 of Plaintiff's Complaint, Defendant re-alleges its responses to paragraphs 1-14 above, *in haec verba*.

13. This Defendant denies the allegations set forth in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

14. This Defendant denies the allegations set forth in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

15. This Defendant denies the allegations set forth in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

16. This Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

17. This Defendant denies the allegations set forth in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

18. This Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

## **AFFIRMATIVE DEFENSES**

1.      For a defense herein, this Defendant contends that the decedent, Kenneth Michael Gilliam, by his actions, caused or contributed to the loss alleged and hence the Plaintiff may not recover or, alternatively, the Plaintiff may not recover fully.

2.      For a defense herein, this Defendant contends that the negligence of the decedent, Kenneth Michael Gilliam, was the sole proximate cause or an independent intervening cause of the loss alleged.

3.      For a defense herein, this Defendant contends that the accident herein falls under the provisions of the Tort Reform and Insurance Act (Chapter 768 of the Florida Statutes), which Act specifically addresses, but is not limited to, the elimination of joint and several liability and non-duplication of collateral source benefits.   Defendant affirmatively pleads all of the defenses and rights available to it under said Act.

4.      For a defense herein, this Defendant contends that this accident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, or other persons, employers, or entities pursuant to the Florida Supreme Court decision of Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993).   In compliance with Nash v. Wells Fargo Guard Services, Inc., 678 So. 2d 1262 (Fla. 1996), this Defendant will identify any individuals or entities responsible for Plaintiff's damages, in whole or in part, as revealed through discovery and prior to trial.

5.      For a defense herein, this Defendant states that the Florida Legislature has expressly abolished joint and several liability for all negligence claims in Florida, whether negligence claims seeking recovery for personal injuries or wrongful death (see Fla. Stat. § 768.81(3) (" … the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability").

6.      For a defense herein, this Defendant contends that it is entitled to a setoff for all settlements and compensation that Plaintiff may have received, or may receive, as a result of the accident which is alleged to have occurred, and for any and all amounts paid by any source in accordance with Fla. Stat. § 768.76.

7.      For a defense herein, this Defendant contends that the Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

8.      For a defense herein, this Defendant affirmatively pleads and asserts the apportionment of joint and several liability to which he is entitled pursuant to Fla. Stat. § 768.81.

9.      For a defense herein, this Defendant asserts that it did not own or have any beneficial ownership interest in the tractor that Shawbel Antonio Moore was operating at the time of the subject motor vehicle accident and therefore this Defendant is not liable to Plaintiff under Florida's dangerous instrumentality doctrine.

10.     For a defense herein, this Defendant asserts that Shawbel Antonio Moore was not in the course and scope of his employment with this Defendant at the time of the subject motor vehicle accident and therefore this Defendant cannot be held liable under *respondeat superior*.

11.     For a defense herein, this Defendant asserts that the decedent's demise was not as a result of the subject motor vehicle accident.

12.     For a defense herein, this Defendant asserts that the decedent, Kenneth Michael Gilliam violated Florida Statute § 316.130 and that such violation was the cause of the subject incident.

13.     For a defense herein, pursuant to Florida Statute §768.36, Defendant contends that at the time of the subject motor vehicle accident, the decedent, Kenneth Michael Gilliam, was under the influence of alcohol or drugs to the extent that his normal faculties were impaired and/or he had a blood or breath alcohol level of .08 percent or greater; and as a result of the influence of such alcohol beverage or drug, Mr. Gilliam was more than 50 percent at fault for his own harm and/or death.

14.     For a defense herein, this Defendant is not liable under Florida's dangerous instrumentality doctrine, as The Graves Amendment (49 USC § 30106) supersedes its application.

**WHEREFORE**, the Defendant, MULAX EXPRESS, LLC, respectfully requests this Court to enter an Order dismissing this cause with prejudice, together with taxable costs, and further demands trial by jury as to all issues triable by jury as a matter of right.

## <u>RESERVATION OF DEFENSES</u>

This Defendant expressly reserves the right to amend and/or add additional defenses and affirmative defenses as discovery and investigation continues.

## <u>DEMAND FOR JURY TRIAL</u>

This Defendant demands trial by jury as to all issues triable by jury as a matter of right.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of February 2022, a true and correct

copy of the foregoing was filed with the Clerk of Alachua County by using the Florida

Courts e-Filing Portal, which will send an automatic e-mail message to counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4046
Facsimile (904) 672-4050
Primary e-mail: sami.achemjr@csklegal.com
Secondary e-mail: gia.domenico@csklegal.com
Alternate emails:
Elinor.Bozzone@csklegal.com
April.Goodsell@csklegal.com


By:   s/ Sami R. Achem, Jr.
      SAMI R. ACHEM, JR.
      Florida Bar No.:  93892

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT IN AND FOR ALACHUA COUNTY, FLROIDA

CASE NO.: 2022 CA 0155

NWABUFO "OBI" UMUNNA, as Personal Representative for the Estate of KENNETH MICHAEL GILLIAM,

      Plaintiff,

v.

SHAWBEL ANTONIO MOORE and MULAX EXPRESS LLC,

      Defendants.

_____/

### DEFENDANT'S NOTICE OF SERVING FIRST SET OF WRONGFUL DEATH INTERROGATORIES TO PLAINTIFF

COMES NOW Defendant, MULAX EXPRESS LLC, by and through the undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.340, hereby propounds the attached Second Amended Wrongful Death Interrogatories upon Plaintiff, NWABUFO "OBI" UMUNNA, as Personal Representative for the Estate of KENNETH MICHAEL GILLIAM (hereinafter "Plaintiff") to be answered under oath and in writing within thirty (30) days from receipt hereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of February, 2022, a true and correct copyof the foregoing was filed with the Clerk of Alachua County by using the Florida Courts e-

**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

Filing Portal, which will send an automatic e-mail message to all parties registered with

the e-Filing Portal system.

> COLE, SCOTT, KISSANE, P.A.
> *Counsel for Defendants SHAWBEL ANTONIO*
> *MOORE and MULAX EXPRESS LLC*
> 4190 Belfort Road, Suite 300
> Jacksonville, Florida 32216-1461
> Telephone (904) 672-4014
> Facsimile (904) 672-4050
> Primary e-mail: john.darnell@csklegal.com
> Secondary e-mail: sami.achemjr@csklegal.com
> Alternate e-mail:  april.goodsell@csklegal.com

By:  s/ Sami R. Achem, Jr.
> SAMI R. ACHEM, JR.
> Florida Bar No.:  93892

0894.0003-00

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY FLORIDA

NWABUFO "OBI" UMUNNA, as Personal            CASE NO.: 2022 CA 0155
Representative for the Estate of
KENNETH MICHAEL GILLIAM,

      Plaintiff,

v.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

      Defendant.

_____/

## NOTICE OF APPEARANCE

     Gia L. Domenico, Esq. and Sami R. Achem, Jr., Esq. of Cole, Scott, Kissane, P.A.

hereby give notice of their appearance on behalf of Defendants, SHAWBEL ANTONIO

MOORE AND MULAX EXPRESS LLC, and requests that copies of all motions, notices,

and other pleadings heretofore or hereafter filed or served in this cause be furnished to

the undersigned.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 18th day of February, 2022, a true and correct

copy of the foregoing was filed with the Clerk of ALACHUA County by using the Florida

Courts e-Filing Portal, which will send an automatic e-mail message to all parties

registered with the e-Filing Portal system.

**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

CASE NO.: 2022 CA 0155

COLE, SCOTT, KISSANE, P.A.
*Counsel for Defendants SHAWBEL ANTONIO*
*MOORE and MULAX EXPRESS LLC*
4190 Belfort Road, Suite 300
Jacksonville, Florida 32216-1461
Telephone (904) 672-4156
Facsimile (904) 672-4050
Primary e-mail: gia.domenico@csklegal.com
Secondary e-mail: sami.achemjr@csklegal.com
Alternate e-mail:  april.goodsell@csklegal.com


By:   s/ Sami R. Achem, Jr.
GIA L. DOMENICO
Florida Bar No.:  1022111
SAMI R. ACHEM, JR.
Florida Bar No.:  93892

0314.0239-00

**2**
**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY FLORIDA

CASE NO.: 2022 CA 0155

NWABUFO "OBI" UMUNNA, as Personal Representative for the Estate of KENNETH MICHAEL GILLIAM,

     Plaintiff,

v.

SHAWBEL ANTONIO MOORE and MULAX EXPRESS LLC,

     Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW, Defendant, SHAWBEL ANTONIO MOORE, by and through the undersigned attorney and pursuant to the Florida Rule of Civil Procedure 1.370, hereby files this, his responses to Plaintiff's Request for Admissions to Defendant and states as follows:

1. That at the time of the subject accident, Defendant, SHAWBEL ANTONIO MOORE, operated the motor vehicle in Alachua County, Florida.

   **RESPONSE**: Objection. This request is vague and ambiguous as to "at the time of the subject accident" and "the motor vehicle".

2. That at the time of the subject accident, Defendant, MULAX EXPRESS LLC, owned the motor vehicle in Alachua County, Florida that Defendant, SHAWBEL

**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

ANTONIO MOORE, was operating and driving with the permission and consent of its owner, Defendant, MULLAX EXPRESS LLC.

**RESPONSE**:  Denied.

3.  That Defendant, SHAWBEL ANTONIO MOORE, was negligent in the operation of said motor vehicle which resulted in a collision with Plaintiff on or about November 14, 2020.

**RESPONSE**:  Objection.   This request seeks a legal opinion and legal conclusion and seeks information about a central issue in this litigation.

4.  The Decedent, KENNETH MICHAEL GILLIAM, was injured in the subject accident, which resulted in his untimely death.

**RESPONSE**:  Objection.  This request seeks a legal opinion and conclusion as well as a medical opinion and conclusion.

5.  The Decedent, KENNETH MICHAEL GILLIAM, was not guilty of negligence which caused or contributed to the subject accident.

**RESPONSE**:  Objection.   This request seeks a legal opinion and legal conclusion, as it attempts to have this Defendant admit or deny whether decedent was negligent.   Moreover, this request seeks information about a central issue in this litigation.

CASE NO.: 2022-CA-0155

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 28th day of February, 2022, a true and correct copy of the foregoing was filed with the Clerk of ALACHUA County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to counsel of record.

COLE, SCOTT, KISSANE, P.A.
*Counsel for Defendants*
4190 Belfort Road, Suite 300
Jacksonville, Florida 32216-1461
Telephone (904) 672-4046
Facsimile (904) 672-4050
Primary e-mail: sami.achemjr@csklegal.com
Secondary e-mail: gia.domenico@csklegal.com
Alternate e-mail:  april.goodsell@csklegal.com


By:  s/ Sami R. Achem, Jr.
SAMI R. ACHEM, JR.
Florida Bar No.:  93892

0314.0239-00

-3-
**COLE, SCOTT, KISSANE, P.A.**
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

Case 1:22-cv-00056-AW-GRJ   Document 1-1   Filed 03/07/22   Page 92 of 97

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY FLORIDA

CASE NO. 2022 CA 155

NWABUFO "OBI" UMUNNA, as
Personal Representative for the Estate
of KENNETH MICHAEL GILLIAM,

       Plaintiff,

vs.

SHAWBEL ANTONIO MOORE and
MULAX EXPRESS LLC,

       Defendants.

_____/

## **SHAWBEL ANTONIO MOORE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, SHAWBEL ANTONIO MOORE (hereinafter "Defendant") by and through his undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.140, hereby files his Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

2. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

3.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

4.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

5.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 (including subparts a. and b. thereto) of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

6.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

7.  Defendant admits paragraph 7 of Plaintiff's Complaint.

8.  Defendant admits paragraph 8 of Plaintiff's Complaint.

9.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore must deny same and demand strict proof thereof at the trial of this cause

10. This Defendant denies the allegations set forth in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof at the trial of this cause.

## COUNT I
## CLAIM AGAINST SHAWBEL ANTONIO MOORE

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant re-alleges and incorporates his responses to paragraphs 1-10, *in haec verba*.

12. Defendant denies the allegations set forth in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

14. Defendant denies the allegations set forth in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

## COUNT II
## CLAIM AGAINST MULAX EXPESS LLC

15. This Defendant makes no response to the allegations set forth in paragraphs 15 through 21 of Plaintiff's Complaint, as these allegations are not directed to this Defendant.   To the extent any of the allegations contained in these paragraphs are deemed directed to this Defendant, the allegations are denied and this Defendant demands strict proof thereof at the trial of this cause.

## AFFIRMATIVE DEFENSES

1.    For a defense herein, this Defendant contends that the decedent, Kenneth Michael Gilliam, by his actions, caused or contributed to the loss alleged and hence the Plaintiff may not recover or, alternatively, the Plaintiff may not recover fully.

2.     For a defense herein, this Defendant contends that the negligence of the decedent, Kenneth Michael Gilliam, was the sole proximate cause or an independent intervening cause of the loss alleged.

3.     For a defense herein, this Defendant contends that the accident herein falls under the provisions of the Tort Reform and Insurance Act (Chapter 768 of the Florida Statutes), which Act specifically addresses, but is not limited to, the elimination of joint and several liability and non-duplication of collateral source benefits.   Defendant affirmatively pleads all of the defenses and rights available to it under said Act.

4.     For a defense herein, this Defendant contends that this accident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, or other persons, employers, or entities pursuant to the Florida Supreme Court decision of Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993).  In compliance with Nash v. Wells Fargo Guard Services, Inc., 678 So. 2d 1262 (Fla. 1996), this Defendant will identify any individuals or entities responsible for Plaintiff's damages, in whole or in part, as revealed through discovery and prior to trial.

5.     For a defense herein, this Defendant states that the Florida Legislature has expressly abolished joint and several liability for all negligence claims in Florida, whether negligence claims seeking recovery for personal injuries or wrongful death (see Fla. Stat. § 768.81(3) (" … the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability").

6.     For a defense herein, this Defendant contends that he is entitled to a setoff for all settlements and compensation that Plaintiff may have received, or may receive, as

a result of the accident which is alleged to have occurred, and for any and all amounts paid by any source in accordance with Fla. Stat. § 768.76.

7.      For a defense herein, this Defendant contends that the Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

8.      For a defense herein, this Defendant affirmatively pleads and asserts the apportionment of joint and several liability to which he is entitled pursuant to Fla. Stat. § 768.81.

9.      For a defense herein, this Defendant asserts that the decedent's demise was not as a result of the subject motor vehicle accident.

10.     For a defense herein, this Defendant asserts that the decedent, Kenneth Michael Gilliam violated Florida Statute § 316.130 and that such violation was the cause of the subject incident.

11.     For a defense herein, pursuant to Florida Statute §768.36, Defendant contends that at the time of the subject motor vehicle accident, the decedent, Kenneth Michael Gilliam, was under the influence of alcohol or drugs to the extent that his normal faculties were impaired and/or he had a blood or breath alcohol level of .08 percent or greater; and as a result of the influence of such alcohol beverage or drug, Mr. Gilliam was more than 50 percent at fault for his own harm and/or death.

12.     For a defense herein, pursuant to Florida Statute § 47.122, for the convenience of the parties, witnesses and in the interests of justice, this matter should be transferred to a different venue.

**WHEREFORE**, the Defendant, SHAWBEL ANTONIO MOORE, respectfully requests this Court to enter an Order dismissing this cause with prejudice, together with

taxable costs, and further demands trial by jury as to all issues triable by jury as a matter of right.

## RESERVATION OF DEFENSES

This Defendant expressly reserves the right to amend and/or add additional defenses and affirmative defenses as discovery and investigation continues.

## DEMAND FOR JURY TRIAL

This Defendant demands trial by jury as to all issues triable by jury as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February 2022, a true and correct copy of the foregoing was filed with the Clerk of Alachua County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants*
> Cole, Scott & Kissane Building
> 4686 Sunbeam Road
> Jacksonville, Florida 32257
> Telephone (904) 672-4046
> Facsimile (904) 672-4050
> Primary e-mail: sami.achemjr@csklegal.com
> Secondary e-mail: gia.domenico@csklegal.com
> Alternate emails:
> Elinor.Bozzone@csklegal.com
> April.Goodsell@csklegal.com
>
>
> By: s/ Sami R. Achem, Jr.
> SAMI R. ACHEM, JR.
> Florida Bar No.:  93892